UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

RODRIGO PEREZ,
and other similarly situated individuals,

  Plaintiff (s)

v.

AZTEC ENTERPRISES INC., and
DAVID P. NAGURNEY, individually,

  Defendants.
_____/

# **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

  COMES NOW the Plaintiff RODRIGO PEREZ, by and through the undersigned counsel, and hereby sues Defendants AZTEC ENTERPRISES INC. and DAVID P. NAGURNEY, individually, and alleges:

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff RODRIGO PEREZ is a resident of Palm Beach County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant AZTEC ENTERPRISES INC. (hereinafter AZTEC ENTERPRISES, or Defendant) is a Florida corporation that has a place of business within the jurisdiction of this Court. At all times, the Defendant was and is engaged in interstate commerce. The

Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. The individual Defendant DAVID P. NAGURNEY was and is now, the owner/officer and manager of Defendant Corporation AZTEC ENTERPRISES. Defendant DAVID P. NAGURNEY is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Palm Beach County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from the Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after July 2017 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant AZTEC ENTERPRISES is a carpet and upholstery business located in West Palm Beach. Plaintiff worked at the shop located Venus ST, #1, Jupiter FL 33458.

8. Defendants AZTEC ENTERPRISES and DAVID P. NAGURNEY employed Plaintiff RODRIGO PEREZ as a non-exempted, full-time, upholstering employee, from about October 1989, through approximately April 14, 2020, or more than 30 years. However, for FLSA's purposes, Plaintiff's relevant time of employment is 142 weeks.

9. Plaintiff had duties as an upholstering technician. In 2017 and 2018, Plaintiff's wage-rate was $25.00 an hour, and in 2019 and 2020, Plaintiff's wage rate was $26.00 an hour.

10. During his relevant employment period with the Defendants, the Plaintiff had a regular schedule. Plaintiff worked 5 days per week, from Monday to Friday, from 6:00 AM to 4:00 PM (10 hours daily), Plaintiff completed a minimum of 55 hours weekly. The Plaintiff was not able to take bonafide lunch periods.

11. Plaintiff worked more than 40 hours every week, and he was paid for all his working hours at his regular rate. However, Plaintiff was not paid for overtime hours.

12. Plaintiff did not clock in and out, but the Defendants were in complete control of Plaintiff's schedule, and they were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid weekly with checks and paystubs that showed the number of hours paid at his regular rate.

15. On or about April 14, Defendants sent Plaintiff home and told him, that he would be called to work again. Plaintiff waited in vain, he was not called to work again.

16. Plaintiff is not in possession of time and payment records, but he is going to provide a good faith estimate of unpaid overtime hours based on a workweek of 50 weekly average hours. Upon discovery, the Plaintiff is going to amend his Statement of Claim accordingly.

17. Plaintiff RODRIGO PEREZ seeks to recover half-time overtime wages for every hour in excess of 40 in a week, for all the weeks that he worked for Defendants, liquidated damages, attorney fees, and any other relief as allowable by law.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

18. Plaintiff RODRIGO PEREZ re-adopts every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This action is brought by Plaintiff and those similarly-situated to recover from the Employers AZTEC ENTERPRISES unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half-time the regular rate at which he is employed."

20. At all times pertinent to this Complaint, Defendant AZTEC ENTERPRISES was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The Defendant is a retail business performing as an upholstery business. At all times, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information

and belief, the annual gross revenue of the Employer/Defendant was always material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

21. The Plaintiff's work for the Defendant likewise affected interstate commerce. Plaintiff was employed by an enterprise engaged in interstate commerce, and through his daily activities, he regularly engaged in interstate commerce when he handled and worked on goods and materials that had been produced for commerce and moved in interstate commerce at any stage of the business. Therefore, there is FLSA individual coverage.

22. Defendants AZTEC ENTERPRISES and DAVID P. NAGURNEY employed Plaintiff RODRIGO PEREZ as a non-exempted, full-time, upholstering employee, from about October 1989, through approximately April 14, 2020, or more than 30 years. However, for FLSA's purposes, Plaintiff's relevant time of employment is 142 weeks.

23. Plaintiff had duties as an upholstering technician. In 2017 and 2018, Plaintiff's wage-rate was $25.00 an hour, and in 2019 and 2020, Plaintiff's wage rate was $26.00 an hour.

24. During his relevant employment period with the Defendants, the Plaintiff had a regular schedule. Plaintiff worked 5 days per week, from Monday to Friday, from 6:00 AM to 4:00 PM (10 hours daily), Plaintiff completed a minimum of 55 hours weekly. The Plaintiff was not able to take bonafide lunch periods.

25. Plaintiff worked more than 40 hours every week, and he was paid for all his working hours at his regular rate. However, Plaintiff was not paid for overtime hours.

26. Plaintiff did not clock in and out, but the Defendants were in complete control of Plaintiff's schedule, and they were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

27. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

28. Plaintiff was paid weekly with checks and paystubs that showed the number of hours paid at his regular rate.

29. The records, if any, concerning the number of hours worked by Plaintiff RODRIGO PEREZ, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

30. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

31. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

32. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

33. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages are as follows:

   *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of allegedly unpaid overtime wages</u>:

      Eighteen Thousand Eighty-Five Dollars and 00/100 ($18,085.00)

   b. <u>Calculation of such wages</u>:

      Total time of employment: More than 30 years

    Total relevant period of employment: 142 weeks
    Total number of hours worked:  minimum 50 hours weekly
    Total number of O/T hours: 10 O/T hours
    Total number of paid O/T hours:  10 O/T hours paid at regular rate

    **1.- Overtime from July 23, 2017, to December 3, 2018, = 75 weeks**

    Total number of hours worked: minimum 50 hours weekly
    Total number of O/T hours: 10 O/T hours
    Total number of paid O/T hours:  10 O/T hours paid at regular rate
    Regular rate: $25.00 an hour x 1.5=$37.50
    O/T rate: $37.50 an hour-$25.00 O/T rate paid=$12.50 half-time difference

    Half-time diff. $12.50 x 10 O/T hours=$125.00 weekly x 75 weeks=$9,375.00

    **2.- Overtime from January 01, 2019, to April 14, 2020, = 67 weeks**

    Total number of hours worked: minimum 50 hours weekly
    Total number of O/T hours: 10 O/T hours
    Total number of paid O/T hours:  10 O/T hours paid at regular rate
    Regular rate: $26.00 an hour x 1.5=$39.00
    O/T rate: $39.00 an hour-$26.00 O/T rate paid=$13.00 half-time difference

    Half-time diff. $13.00 x 10 O/T hours=$130.00 weekly x 67 weeks=$8,710.00

    Total #1 and #2: $18,085.00

    c. Nature of wages (e.g. overtime or straight time):

    This amount represents the unpaid half-time overtime wages.

34. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act but no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

35. Defendants AZTEC ENTERPRISES and DAVID P. NAGURNEY  knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages

as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

36. At the times mentioned, the individual Defendant DAVID P. NAGURNEY was the owner and manager of AZTEC ENTERPRISES. Defendant DAVID P. NAGURNEY was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of AZTEC ENTERPRISES concerning their employees, including Plaintiff and others similarly situated. Defendant DAVID P. NAGURNEY had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

37. Defendants AZTEC ENTERPRISES and DAVID P. NAGURNEY willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

38. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RODRIGO PEREZ and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff RODRIGO PEREZ and other similarly situated and against the Defendants AZTEC ENTERPRISES and DAVID P. NAGURNEY based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;

and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff RODRIGO PEREZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED: July 29, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*